IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ZENA PHILLIPS**, **on behalf herself
and all other similarly situated
Illinois Citizens,**

**Plaintiff,**

v.

**THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, et al.,**

**Defendants.**   No. 11-0058-DRH

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is defendants' motion to stay discovery (Doc. 37). Specifically, defendants move the Court to stay discovery until the pending motion to dismiss has been decided. Defendants contend that postponing discovery until the motion to dismiss has been decided will save the parties and the Court from the expense in or supervising discovery involving claims that two prior courts have already determined to be insufficient as a matter of law. Plaintiffs oppose the motion (Doc. 37). Based on the following, the Court denies the motion to stay discovery.

A movant does not have an absolute right to a stay. Instead, the movant bears the burden of proof to show that the Court should exercise its discretion in staying the case. *Indiana State Police Pension Trust v. Chrysler, LLC*, — U.S.—, 129 S. Ct. 2275, 2277 (2009). District courts have extremely broad discretion in controlling discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). The Court has discretion under Federal Rule of Civil Procedure 26 to limit the scope of discovery or to order that discovery be conducted in a particular sequence. *Britton, supra*. Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted, although the mere filing of the motion does not autmotically stay discovery. *SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988).

Here, the Court finds that defendants have not met their burden regarding a stay of discovery as the circumstances of the case do not warrant a stay. The Court cannot presume that the motion to dismiss will be granted based on the fact that two other lawsuits in different jurisdictions/states containing similar allegations have been dismissed. Moreover, even if defendants' motion to dismiss is successful and the Court concludes plaintiff's claims are insufficient, dismissal, without an opportunity to file an amended complaint, is rare. *See also Fidelity National Title Insurance Co. of New York v. Intercounty National Title Insurance Co.*, 412 F.3d 745, 749 (7th Cir. 2005).

Accordingly, the Court **DENIES** defendants' motion to stay discovery (Doc. 37).

**IT IS SO ORDERED.**

Signed this 2nd day of June, 2011.

David R. Herndon
2011.06.02
04:55:00 -05'00'

**Chief Judge
United States District Court**